IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:16-cv-00048 |
| | ) | |
| v. | ) | C O M P L A I N T |
| | ) | |
| MURPHY OIL CORPORATION, | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendant. | ) ) | |

_____

## NATURE OF THE ACTION

This is an action under Titles I and V of the Americans with Disabilities Act of 1990 as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of disability and retaliation and to provide appropriate relief to Daniel Samaniego ("Samaniego"). The U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission") alleges that Defendant, Murphy Oil Corporation (hereinafter "Defendant" or "Murphy"), terminated the employment of Mr. Samaniego based on his disability. The Commission further alleges that Defendant Murphy terminated Mr. Samaniego in violation of the ADA in retaliation for his protected activity. Moreover, Defendant Murphy violated the ADA by denying employment opportunities to Mr. Samaniego, including terminating him, based on the need as required by the ADA for Defendant to make reasonable accommodation to the physical impairment of Mr. Samaniego. Finally, the Commission alleges Defendant Murphy violated the ADA by not making reasonable accommodation to the known physical limitations of Mr. Samaniego, an otherwise qualified individual with a disability.

These allegations are discussed in greater particularity in paragraphs 12 through 23 below.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Del Rio Division.

## PARTIES

3.      The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a Delaware corporation, doing business in the State of Texas and the City of Eagle Pass, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

Original Complaint                                                                                                    2

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Mr. Samaniego filed a charge with the Commission alleging violations of the ADA by Defendant.

8.      On September 30, 2014, after conducting an investigation of the allegations in Mr. Samaniego's charge, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.      On April 27, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.      Since at least September 2012, Defendant has engaged in unlawful employment practices at its facility in Eagle Pass, Texas, and in other facilities across Texas where Daniel Samaniego was assigned work, in violation of Title I of the ADA, 42 U.S.C. §12112(a) and (b). These practices include, but are not limited to:

      (a)    not making reasonable accommodations to the known physical or mental limitations of Mr. Samaniego, an employee and otherwise qualified individual with a disability;

      (b)    terminating the employment of Mr. Samaniego because of his disability; and

      (c)    terminating the employment of Mr. Samaniego because of Defendant's need to make a reasonable accommodation to the physical or mental impairments of Mr. Samaniego.

13.    Since at least October 2012, Defendant has engaged in unlawful employment practices at its facility in Eagle Pass, Texas, and in other facilities where Mr. Samaniego performed work for Defendant, in violation of Title V of the ADA, 42 U.S.C. § 12203. These practices include but are not limited to unlawfully retaliating against Mr. Samaniego for opposing employment practices made unlawful by the ADA. In particular, Mr. Samaniego made requests for accommodations to his known physical limitations and reported to members of Defendant's management that accommodations were not being made. In response to Mr. Samaniego's protected activities, Defendant engaged in actions that would be likely to deter victims of discrimination from bringing forth complaints of discrimination, including subjecting Mr. Samaniego to improper disciplinary actions; threatening Mr. Samaniego with a demotion, and ultimately terminating Mr. Samaniego's employment.

14.    Daniel Samaniego is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Mr. Samaniego was employed by Defendant as a Store Manager working at a retail gas outlet in Eagle Pass, Texas.  Daniel Samaniego excelled as a Store Manager, and was selected by Defendant's management to train new Store Managers across Texas.  At all relevant times, Mr. Samaniego was qualified to perform the essential functions of his job.

Original Complaint                                                       4

15.     During his employment with Defendant, Daniel Samaniego was diagnosed with spondylollsthesis, a degenerative spinal condition that caused him to experience severe back pain and leg numbness.  Mr. Samaniego's spondylollsthesis substantially limited Mr. Samaniego in performing major life activities such as performing manual tasks, walking, standing, lifting, bending, crawling, climbing, squatting, pulling, and pushing. During April 2011, Daniel Samaniego underwent surgery to permanently implant screws in his spine to treat his diagnosed condition of spondylollsthesis.

16.     Mr. Samaniego's doctor released Mr. Samaniego to return to work on August 9, 2011, with restrictions which included no squatting, no crawling, no lifting over 30 pounds and a limit of 40 hours a week for work, Mr. Samaniego's supervisor at that time agreed to accommodate Mr. Samaniego by abiding by his work restrictions.

17.     However, Mr. Samaniego's supervisors repeatedly ordered him to perform additional assignments beyond his essential duties as a Store Manager that were incompatible with his existing work restrictions. For example, while being assigned to perform training for new Store Managers outside of his assigned store, Mr. Samaniego was ordered to perform physically demanding and menial tasks. Daniel Samaniego was also instructed by his District Manager to perform tasks that violated lifting restrictions even though these tasks were normally performed by employees that he supervised.

18.     On multiple occasions Mr. Samaniego reported to management that the long drives to cities such as Houston to conduct training were causing discomfort and pain because of his disability.  Mr. Samaniego's Division Manager permitted him to fly to Houston for training on one occasion, but the accommodation was not offered to Mr. Samaniego after that trip.

19.     On or about September 4, 2012, Mr. Samaniego scheduled an emergency appointment with his physician to address extreme back pain he experienced while driving from a training session that he had performed in Houston, Texas.

20.     Mr. Samaniego's physician once again diagnosed Mr. Samaniego as suffering from spondylollsthesis and modified his work restriction not to lift more than 20 pounds and to avoid crawling, climbing, squatting, pulling and pushing.   Mr. Samaniego's physician also advised him that he could no longer be driving such long distances for work or he would need surgery again.

21.     A copy of these restrictions was provided to Respondent's human resources office and management by Mr. Samaniego and his physician.

22.     Mr. Samaniego informed Defendant's Division Manager, Luis Rodriguez, of his doctor's instructions and told him that he would have to stop performing training because of his medical condition.

23.     Within a reasonably close period of time after the notification of restrictions for accommodation, Defendant's management, issued unwarranted disciplinary write-ups to Mr. Samaniego, threatened to demote him, and ultimately terminated his employment.

24.     The effect of the practices complained of in paragraphs 12 through 23 above has been to deprive Mr. Samaniego of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability, in violation of Title I of the ADA, 42 U.S.C. § 12112, and in retaliation for activities protected by the ADA, in violation of Title V of the ADA, 42 U.S.C. § 12203.

25.     The unlawful employment practices complained of in paragraphs 12 through 23 above were and are intentional.

Original Complaint                                                                                                              6

26.     The unlawful employment practices complained of in paragraphs 12 through 23 above were and are done with malice or reckless indifference to the federally protected rights of Daniel Samaniego.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully request that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) failing to provide reasonable accommodations; (2) terminating employees because of disability; (3) terminating employees with disabilities based on the need to make reasonable accommodations; and (4) engaging in any other employment practice which discriminates on the basis of disability;

B.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in reprisal or retaliation against any person because such person engaged in protected activity under the ADA;

C.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

D.     Order Defendant to make whole Mr. Samaniego, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mr. Samaniego;

Original Complaint                                                                                                                    7

E.      Order Defendant to make whole Mr. Samaniego, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 23 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

F.      Order Defendant to make whole Mr. Samaniego, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 12 through 23 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

G.      Order Defendant to pay Mr. Samaniego punitive damages for engaging in discriminatory practices with malice or reckless indifference to Mr. Samaniego's federally protected rights, as described in paragraphs 12 through 23 above, in an amount to be determined at trial;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ David Rivela
by permission of Robert A. Canino

_____

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782


/s/ David Rivela
by permission of Edward Juarez

_____

EDWARD JUAREZ
Supervisory Trial Attorney
Texas State Bar No. 24014498

/s/ David Rivela

_____

DAVID RIVELA
Senior Trial Attorney
Texas State Bar No. 00797324
E-mail: david.rivela@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone:     (210) 281-7619
Facsimile:     (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**