IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

**FILED**
AUG 1 3 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MURPHY OIL USA, INC.,<br><br>Defendant. | §§§§§§§§§§§ Civil Action No. 2:16-CV-00048-AM-CW |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Murphy Oil USA, Inc. (hereinafter "Defendant" or "Murphy USA"). The Commission alleged violation of Sections 102 of Title I and V of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12112(a) and (b) and 12203. The complaint alleges that Defendant, Murphy USA, terminated the employment of Mr. Samaniego based on his disability. The Commission further alleges that Defendant terminated Mr. Samaniego in violation of the ADA in retaliation for his protected activity. Moreover, the Commission alleged Defendant violated the ADA by denying employment opportunities to Mr. Samaniego, including terminating him, based on the need as required by the ADA for Defendant to make reasonable accommodation to the physical impairment of Mr. Samaniego. Finally, the Commission alleges Defendant violated the ADA by not making reasonable accommodation to the known physical limitations of Mr. Samaniego, an otherwise qualified individual with a disability. Defendant denies all of the Commission's allegations in the complaint.

The EEOC and Defendant wish to resolve this action, without the necessity of further litigation, and with no admission of wrong-doing by Defendant and or finding by the Court of wrong-doing by Defendant, pursuant to the terms delineated in this Decree. The Decree is entered for the sole purpose of avoiding the expenses associated with this litigation.

NOW, THEREFORE, in consideration of the mutual promises and agreements between the Parties, as set forth herein, the sufficiency of which is hereby acknowledged, the Parties request and the Court agrees to ORDER, ADJUDGE AND DECREE as follows:

1. The Parties agree that this Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC against Defendant, venue is proper, and all administrative prerequisites to the EEOC's filing have been met.

2. The Parties agree that this Decree resolves all issues raised by the EEOC in this civil action. The EEOC waives further litigation of the claims raised in this civil action concerning Daniel Samaniego. The EEOC expressly reserves its right, however, to process and litigate any other charges which may currently be pending or in the future may be filed against Defendant.

3. During the term of this Decree, Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, shall not discriminate against any qualified employees, because of their disability, by: (1) failing to provide reasonable accommodations; (2) terminating employees because of disability; (3) terminating employees with disabilities based on the need to make reasonable accommodations; and (4) engaging in any other employment practice which discriminates on the basis of disability.

4. Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, shall not engage in any form of retaliation against any

person because such person has opposed any practice made unlawful under the ADA, requested a reasonable accommodation, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA or asserted any rights under this Decree.

      5. Within fourteen (14) days of the entry of this Decree, Defendant, in full resolution of all disputes in this matter, shall pay to Daniel Samaniego, the sum total of $100,000.00, of which $50,000.00 shall be categorized as alleged back pay, which is subject to any applicable deductions for the employee's portion of FICA and applicable federal tax withholding.

Payment to Daniel J. Samaniego shall be mailed by certified mail to 2025 Roosevelt St., Eagle Pass, Texas 78852. A copy of the settlement check and any accompanying transmittal documents shall be forwarded to the EEOC to the attention of Eduardo Juarez, Supervisory Trial Attorney, at 5410 Fredericksburg Rd., Suite 200, San Antonio, Texas 78229.

If Defendant fails to tender payment or otherwise fails to timely comply with the terms of this paragraph 5, Defendant shall:

    a. Pay interest at the rate calculated pursuant to 26 U.S.C. § 6621(b) on any untimely or unpaid amounts; and
    b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of Defendant.

      6. Defendant shall provide Daniel Samaniego with a positive letter of reference, the language of which has been agreed to by the parties. Within fifteen (15) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Daniel Samaniego at an address provided by the Commission. Daniel Samaniego is free to disseminate the letter to potential employers. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall direct Kohli Kick, or her successor, to respond to any inquiry about

Daniel Samaniego from a potential employer and provide only the information set forth in the letter of reference.

7. Within thirty (30) days from the entry of this Decree, Defendant shall ensure it has implemented an ADA and Reasonable Accommodation Policy ("ADA Policy"), which shall include, but not be limited to the following:

    a. Definition of disability and reasonable accommodation pursuant to the ADA;
    b. Language informing employees of their right to a reasonable accommodation due to a disability;
    c. The procedure for requesting a reasonable accommodation, including any medical documentation Defendant may require to establish the employee's disability and/or the employee's need for the requested accommodation;

    The procedure by which Defendant will either grant the employee's reasonable accommodation request, or invite the employee to engage in the interactive process to determine if an alternative reasonable accommodation is available.

8. Defendant shall also ensure it has implemented an Anti-Retaliation Policy that informs employees of their rights to oppose employment practices they believe unlawful under the federal or state employment-discrimination laws. The Anti-Retaliation Policy will also inform employees that Defendant will not retaliate against any employee for an employee's opposition of employment practices the employee believes to be unlawful. Retaliation may include, but is not limited to, discipline, termination, adverse schedule changes, demotion, unwanted transfer, or failure to promote.

9. Defendant shall maintain a complaint procedure that is designed to encourage employees to come forward with complaints regarding violations of its ADA and Anti-retaliation policies.

Defendant's complaint procedure shall provide all the following:
    a. Simple, convenient, confidential, and reliable mechanisms for reporting incidents of disability-based discrimination and/or retaliation;

    b.    Prompt investigation of disability-based discrimination and/or retaliation claims, complaints, and and/or allegations;

    c.    Written findings of the results of any such investigation and the remedial actions proposed and/or taken, if any;

    d.    An effective means of promptly communicating to the complaining party, in writing, the results of the investigation and the remedial actions proposed and/or taken;

    e.    Appropriate remedial action to resolve the complaint and to deter future incidents of disability-based discrimination and/or retaliation; and

    f.    Assurances that the complainant(s) shall not be subjected to intimidation, harassment and/or retaliation.

10. This ADA Policy and Anti-Retaliation Policy shall be distributed to all of Defendant's employees, or posted, at the Eagle Pass location within ninety (90) days after entry of this Decree. Defendant will also distribute this policy to all newly hired individuals within thirty (30) days after their hire.

11. Within sixty (60) days of the entry of this Decree, Defendant shall provide training to all of its Employee Relations personnel, at or over its Eagle Pass location, on any revisions to its ADA Policy, Anti- Retaliation Policy and complaint procedure for discrimination under the ADA. The duration of Defendant's training on revisions, if any, shall be at least two hour.

    a.    Defendant shall provide training to all of its Employee Relations personnel on the ADA, the duration of which shall be two hours.

        i.    The training shall include, but is not limited to:

            1.    The definition of disability and reasonable accommodation under the ADA, and the duty of an employer to provide its employees with reasonable accommodations and otherwise not discriminate based on disability.

            2.    Procedures to follow when an employee requests a reasonable accommodation due to a disability.

            3.    The duty of the employer not to retaliate against employees for requesting a reasonable accommodation or otherwise opposing any practice made unlawful under the ADA.

      b.     Defendant shall provide the training at its own expense.

      c.     Within twenty (20) days after each training session has been completed, Defendant shall provide to the EEOC certification that the training has been completed, identifying each individual who attended the training and the date.

12.    Within ten (10) days from the entry of this Decree, Defendant shall post copies of the Notice attached as Exhibit "A" to this Decree at Defendant's Eagle Pass facility, in a conspicuous location easily accessible to and commonly frequented by employees. The Notice shall remain posted for the duration of this Decree. Defendant shall ensure that the postings are not altered, defaced or covered by any other material.

13.    During the term of this Decree, the EEOC shall have the right to ensure compliance with the terms of this Decree and may:

      a.     Conduct inspections at Defendant's facility;
      b.     Interview employees; and
      c.     Examine and copy relevant documents.

14.    Defendant shall bear the costs associated with administering and implementing the provisions of this Decree.

15.    The terms of this Decree shall be binding upon the EEOC and Defendant, their respective agents, officers, employees, servants, successors, and assigns, as to the issues resolved in this civil action.

16.    The duration of this Decree shall be two (2) years from the date of its entry with the Court. The Parties agree that the Court shall retain jurisdiction of this case during the term of this Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

17. The parties to this Decree shall bear their own costs and attorney's fees incurred in this action.

18. When this Decree requires the submission by Defendant of documents or other materials to the EEOC, such documents or other materials shall be mailed to Eduardo Juarez, Supervisory Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

**SO ORDERED AND ENTERED** this 13th day of August, 2018.

HONORABLE ALIA MOSES
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

| ATTORNEYS FOR DEFENDANT | ATTORNEYS FOR PLAINTIFF |
|---|---|
| /s/ Michael J. DePonte | /s/ David Rivela |
| MICHAEL J. DEPONTE, ESQ. | DAVID RIVELA |
| Texas State Bar No. 24001392 | Senior Trial Attorney |
| E-Mail: depontem@jacksonlewis.com | Texas State Bar No. 00797324 |
|  | E-Mail: david.rivela@eeoc.gov |
| PAUL E. HASH, ESQ. |  |
| Texas State Bar No. 09198020 | **EQUAL EMPLOYMENT OPPORTUNITY** |
| E-Mail: hashp@jacksonlewis.com | **COMMISSION** |
|  | San Antonio Field Office |
| **JACKSON LEWIS PC** | 5410 Fredericksburg Road, Suite 200 |
| 500 N. Akard, Suite 2500 | San Antonio, Texas 78229-3555 |
| Dallas, Texas 75201 | Telephone: (210) 281-7619 |
| Telephone: (214) 520-2400 | Facsimile: (210) 281-7669 |
| Facsimile: (214) 520-2008 |  |

## ATTACHMENT A
## NOTICE TO ALL EMPLOYEES

**This NOTICE is being posted pursuant to a Consent Decree entered in *Equal Employment Opportunity Commission v. Murphy Oil USA, Inc.*, Civil Action No.: 2:16-cv-00048 –AM-CW. This NOTICE will be conspicuously posted for a period of two (2) years at this facility and in all places where employment notices are posted. It must not be altered, defaced, or covered by any other material.**

**POLICY:** Discrimination of any kind can and often will detract from an employee's job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lowers overall employee morale and productivity. It is the policy of Murphy Oil USA, Inc. that discrimination based on disability and/or retaliation is unacceptable conduct and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of the Americans with Disabilities Act of 1990, as amended, (ADA) and the Equal Employment Opportunity Commission's guidelines on discrimination based on disability and/or retaliation and to reiterate Murphy Oil USA, Inc.'s policy against discrimination.

**SCOPE:** This policy extends to all employees of Murphy Oil USA, Inc., including management, non-management, temporary and/or probationary.

**DEFINITION OF DISABILITY:** Not everyone with a medical condition is protected by the law. In order to be protected, a person must be qualified for the job and have a disability as defined by the law.

- A person may be disabled if he or she has a physical or mental condition that substantially limits a major life activity (such as walking, talking, seeing, hearing, or learning).

**GENERAL:**

Examples of disability discrimination include:

- Terminating an employee's employment because of a disability or because he or she needed a reasonable accommodation;
- Failing or refusing to hire an individual, or discriminating in any other manner against an individual in regard to job application procedures or hiring, and other terms, conditions, and privileges of employment on the basis of disability;
- Refusing to provide a reasonable accommodation to an employee or job applicant with a disability, unless doing so would cause an undue hardship;

The term reasonable accommodation means:

- Modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; or

- Modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position; or
- Modifications or adjustments that enable employees with a disability to enjoy equal benefits and privileges of employment as are enjoyed by other similarly situated employees without disabilities.

**RESPONSIBILITY:**

Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination. Employees are expected to read, understand, and follow the policies that Murphy Oil USA, Inc. has established to prevent discrimination.

Murphy Oil USA, Inc. shall engage in an interactive process with the employee to explore reasonable accommodations pursuant to the EEOC's Guidelines: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act on Discrimination and 29 C.F.R. §1630.2 et seq.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the alleged act as soon as possible to that person's immediate supervisor, any supervisor or manager with Murphy Oil USA, Inc. or the Human Resources Department. The Human Resources Department may be contacted at Kohli Kick or by telephone at (877)237-8306, Opt 2,5,4 . Supervisors and managers who are informed of an alleged incident of discrimination must immediately notify the Human Resources Department.

In addition to reporting a complaint of discrimination to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission, and file a charge of employment discrimination. The address and telephone number of the EEOC office is 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229; 1 (866) 408-8075, 1 (800) 669-4000 OR 1 (210) 281-7610 (TTY). Information about employment rights and the procedures dealing with how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken immediately by the Human Resources Department. The investigation may include interviewing employees and supervisors at the facility, and the inspection of documents, including personnel records, and a full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees who engage in discrimination can expect disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have engaged in discrimination against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning placed in his/her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment discrimination based on disability; or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under the ADA as amended. Murphy Oil USA, Inc. will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**EXCEPTIONS:** There are no exceptions to this policy.

Signed this _____ day of _____.

_____
MURPHY OIL USA, INC.